IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,596-01 & WR-76,596-02






EX PARTE CHAD LOUIS FURCH, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 08-4-7871-A & 08-10-7987-A IN THE 24TH JUDICIAL DISTRICT COURT


FROM JACKSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one charge of
assault with family violence, and one charge with one count of assault with family violence and one
count of aggravated assault. Applicant was sentenced to fifteen years' imprisonment for the assault
with family violence charge, and twenty years' imprisonment for the assault with family violence
with the aggravated assault charge, to run consecutively. The Thirteenth Court of Appeals affirmed
his convictions. Furch v. State, Nos. 13-09-00078-CR & 13-09-00077-CR (Tex. App. - Corpus
Christi, August 23, 2010, pet. ref'd ). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to advise him about the consequences of waiving a jury trial and pleading not guilty
to the trial court, allowed the two cases to be tried together but waived the right to concurrent
sentences, failed to cross-examine the complainant, failed to investigate or file pre-trial discovery
motions, failed to interview or call witnesses to impeach the State's evidence, failed to object when
the State elicited testimony from witnesses regarding their opinions as to the truthfulness of the
complainant and of Applicant, overrode Applicant's decision to testify on his own behalf, and failed
to object when the State introduced evidence of a civil suit filed by Applicant shortly before trial. 
 Applicant also alleges that the State persuaded a witness to give false testimony against
Applicant by offering to reinstate her driver's license and get her out of doing community service.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's trial counsel responding to Applicant's claims of
ineffective assistance of counsel. The trial court shall also obtain an affidavit from the trial
prosecutor stating whether any offers of benefits were made in exchange for the testimony of Dana
Kimble, and if so, whether such offers were disclosed to the defense. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make findings as to whether the testimony of Dana Kimble at Applicant's trial
was secured by improper means, and as to whether her trial testimony is credible in light of her June
5, 2011 "recantation" affidavit. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 9, 2011

Do Not Publish.